**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services, Respondent,

v.

Laura Freeman and David Freeman, Defendants,

Of whom David Freeman is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2016-001672

———————————

Appeal From Greenville County
Rochelle Y. Conits, Family Court Judge

———————————

Unpublished Opinion No. 2017-UP-251
Submitted June 12, 2017 – Filed June 19, 2017

———————————

**AFFIRMED**

———————————

Matthew P. Head, of Head Law Firm, LLC, of Greenville, for Appellant.

Rebecca Rush Wray, of South Carolina Department of Social Services, of Greenville, for Respondent.

Robert A. Clark, of Greenville, for the Guardian ad Litem.

_____

**PER CURIAM:** David Freeman (Father) appeals the family court's order terminating his parental rights to his minor son and daughter (Children). On appeal, Father argues the family court erred in finding clear and convincing evidence showed termination of parental rights (TPR) was in Children's best interest. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52. Further, de novo review does not relieve the appellant of the burden of convincing this court that the preponderance of the evidence is against the findings of the family court. *Id.* at 392, 709 S.E.2d at 655.

"A primary objective of the TPR statutes is to free children for the stability adoption can provide." *S.C. Dep't of Soc. Servs. v. Janice C.*, 383 S.C. 221, 230, 678 S.E.2d 463, 468 (Ct. App. 2009); *see also* S.C. Code Ann. § 63-7-2510 (2010) (providing the purpose of the TPR statute is "to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption by persons who will provide a suitable home environment and the love and care necessary for a happy, healthful, and productive life").

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and also finding TPR is in the best interest of the child. S.C. Code Ann. § 63-7-2570 (Supp. 2016). The TPR statute "must be liberally construed in order to ensure prompt judicial procedures for freeing minor children from the custody and control of their parents by terminating the parent-child relationship." S.C. Code Ann. § 63-7-2620 (2010).

In a TPR case, the best interest of the child is the paramount consideration. *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "The interests of the child shall prevail if the child's interest and the

parental rights conflict." § 63-7-2620. "Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate." *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013). "Parents have a fundamental interest in the care, custody, and management of their children. . . . However, a child has a fundamental interest in terminating parental rights if the parent-child relationship inhibits establishing secure, stable, and continuous relationships found in a home with proper parental care." *S.C. Dep't of Soc. Servs. v. Cochran*, 364 S.C. 621, 626, 614 S.E.2d 642, 645 (2005).

We find TPR is in Children's best interest. Both the Department of Social Services (DSS) and the Guardian ad Litem (GAL) believed TPR was in Children's best interest. Father tested positive for cocaine shortly after law enforcement removed Children from the home in March 2015. Father admitted he neglected to take a requested drug screen in December 2015 and tested positive for cocaine in March 2016—approximately three months before the TPR hearing. Richard Sevilla, a DSS caseworker, testified Father failed to complete drug treatment. Therefore, Father's ongoing issues regarding cocaine and his failure to obtain treatment makes it unlikely he will be able to provide a suitable home for Children in the foreseeable future. *See S.C. Dep't of Soc. Servs. v. Cummings*, 345 S.C. 288, 298, 547 S.E.2d 506, 511 (Ct. App. 2001) (holding the mother's history of drug relapse was a significant factor in determining TPR was in the child's best interest).

We acknowledge DSS did not present direct testimony stating an adoptive placement had been identified for Children. However, we are not aware of—and Father does not cite to—any authority that *requires* DSS to identify an adoptive placement for children before the family court can order TPR. Further, we acknowledge evidence suggested Children had a meaningful bond with Father. Under these facts, however, we find the risk to Children's safety due to Father's failure to complete drug treatment and Children's need for stability and permanency outweigh any bond Children may have with Father. *See S.C. Dep't of Soc. Servs. v. Cameron N.F.L.*, 403 S.C. 323, 331, 742 S.E.2d 697, 701 (Ct. App. 2013) ("We do not believe the existence of a bond alone is significant enough to preserve parental rights."). Father has had sufficient opportunities to remedy his drug habit and obtain treatment, and Children should not have to continue to wait to see if he will remedy the situation. Therefore, we find TPR is in Children's best interest.

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.